IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

Zildjian Potter,

    Plaintiff,

vs.

Case No. 24CV117

UNITED STATES OF AMERICA, TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE, MUTUAL OF OMAHA MORTGAGE, and the OCCANEECHI BAND OF THE SAPONI NATION.

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT FOR QUIET TITLE & APPLICATION FOR INJUNCTIVE RELIEF

### A. Parties

1. Plaintiff, Zildjian Potter, is an individual person who lives at 831 Royal Oak Ln, Mebane, North Carolina.

2. Defendant, UNITED STATES OF AMERICA, is the federal government located in the District of Columbia.

3. Defendant, TRUSTEE SERVICES OF CAROLINA, LLC, SUBSTITUTE TRUSTEE, is a Limited Liability Company registered with the North Carolina Secretary of State's office.

4. Defendant, MUTUAL OF OMAHA MORTGAGE, INC, is a corporation with its headquarters located at 3131 Camino Real Del Rio, San Diego, CA. 92108.

5. Defendant, OCCANEECHI BAND OF THE SAPONI NATION, is a Native American tribe located at 4902 Dailey Store Road, Burlington, North Carolina.

### B. Jurisdiction

6. Pursuant to 28 U.S. Code §§ 1441, 1442, and 2410, this Court has jurisdiction over matters involving real property in which the United States of America has ownership.

### C. Venue

7. Venue is proper in this district under 28 U.S.C. §1391(b)(2)} because the property at issue is situated in this district. The property in question is located at 831 Royal Oak Ln, Mebane, North Carolina.

### D. Facts

8. On May 23, 2023, Plaintiff's mother, Christina Hills, rescinded a home loan for violations of the Real Estate Settlement Procedures Act and sent the notice of rescission to the mortgage company by certified mail.

9. In June of 2023, Plaintiff's mother, Christina Hills, transferred ownership of her real property to the United States, Occaneechi Band of the Saponi Nation, and to the Plaintiff, Zildjian Potter. (see Exhibit A - Certified copy of Land Deed).

10. On January 5, 2024, Plaintiff's mother unexpectedly passed away.

11. On January 18, 2024, Plaintiff received an Amended Notice of Hearing for the approval of a foreclosure sale against the real property, which the United States has partial ownership. The Amended Notice of Hearing also named the United States. (See Exhibit B - Amended Notice of Hearing, 22 SP 221  Note:  The hearing is scheduled for February 20, 2024, in Orange County Superior Court.)

### E. Value Of The Property

12. Upon information and belief, Plaintiff alleges there are no known encumbrances of record to the subject land or property in the same land.

13. Upon information and belief, Plaintiff alleges the value of the land and said property is estimated to be $390,000 as of the date of this quiet title action.

### E. Cause of Action
(Quiet Title Against Trustee Services of Carolina, LLC and Substitute Trustee, Mutual of Omaha Mortgage,Inc.)

14. Plaintiff hereby incorporates by reference the allegations contained in each paragraph above as though fully set forth in full herein.

15. By virue of the foregoing facts, Plaintiff is entiteld to judicial declaration that Defendants Trustee Services of Carolina, LLC and Substitute Trustee, Mutual of Omaha Mortgage, Inc., do not have evidence of interest in the subject land, or property in the same subject land.

16. Accordingly, Plaintiff seeks to quiet Plaintiff's title to the subject land and property in the names of the United States of America, Occaneechi Band of Saponi Nation and Zildjian Potter.

### F. Request for Preliminary Injunction

17. Plaintiff will suffer irreparable injury if Defendants Trustee Services of Carolina, LLC and Substitute Trustee, and Mutual of Omaha Mortgage, Inc. are not enjoined while this suit is pending, from selling the land and property in question. On February 20, 2024, said Defendants are seeking an Order approving the sale of the land and property in question. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 417 (4th Cir. 1999);

18. There is no adequate remedy at law because if the land and property in question is sold by said Defendants, the Plaintiff along with the United States of American and the Occaneechi Band of Saponi Nation will lose possession and ownership of said land and property. See N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); Wilson v. Ill. S. Ry. Co., 263 U.S. 574, 576-77, 44 S. Ct. 203,

203-04 (1924); Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89, 879 F. Supp. 719, 725 (W.D. Ky. 1995)

19. There is a substantial likelihood that plaintiff will prevail on the merits because Trustee Services of Carolina, LLC and Substitute Trustee, and Mutual of Omaha Mortgage, Inc. cannot prove they have a right, title or ownership to said land and property. See Doran v. Salem Inn, Inc., 422 U.S. 922, 931, 95 S. Ct. 2561, 2568 (1975); United States v. Microsoft Corp., 147 F.3d 935, 943 (D.C. Cir. 1998).

20. The harm faced by Plaintiff outweighs the harm that would be sustained by said Defendants if the preliminary injunction were granted. Defendants Trustee Services of Carolina, LLC and Substitute Trustee, and Mutual of Omaha Mortgage, Inc. are multi million dollar companies with superior financial strength and do not reside or use the said land and property in question. Plaintiff lives in the home on the land in question and the sale of the land and related residential home, would make the Plaintiff homeless. See Yakus v. United States, 321 U.S. 414, 440, 64 S. Ct. 660, 675 (1944); Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)

21. Issuance of a preliminary injunction would not adversely affect the public interest as the land and property in question is private residential property. See Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1304 (11th Cir. 2001); Hoechst Diafoil, 174 F.3d at 417)

22. Plaintiff asks the court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

### G. Request for Permanent Injunction

23. Plaintiff asks the court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant.

### H. Prayer

24. For these reasons, Plaintiff respectfully request the Court for the following:

   1. Grant a preliminary injunction against Defendants Trustee Services of Carolina, LLC and Substitute Trustee, and Mutual of Omaha Mortgage, Inc. from selling the land and property in question, and order a stay on the lower State County Court, Case No. 22 SP 221;

   2. An Order quieting title to the subject property;

   3. For a judicial declaration the United States of America, the Occaneechi Band of Saponi Nation and Zildjian Potter have ultimate title, and are beneficial owners of the subject land and property in the same subject property as to claims of Defendants Trustee Services of Carolina, LLC and Substitute Trustee, and Mutual of Omaha Mortgage, Inc;

4. For counsel and attorney's fee as reasonable and if needed;

5. Award cost of suit; and

6. Grant of any other relief as the Court deems appropriate.

## VERIFICATION

I, Zildjian Potter, declare my above statements are true and correct from my personal knowledge.

Date: February 16, 2024                                Respectfully Submitted,

*Zildjian Potter*

Zildjian Potter
831 Royal Oak Ln
Mebane, NC 27302
Ph: (919) 664-0821